## South Hills Company v. Kelly

Before Kennedy, Montgomery and Nixon, JJ.

*William J. Krzton*, for plaintiff.

*Carl B. Fried*, for defendant.

NIXON, J., July 16, 1953.—This case was heard by the writer without a jury. At the conclusion of plaintiff's testimony an order was entered stating that:

" . . . the court being of opinion that plaintiff has failed to establish his right to a mechanics' lien in that he has not affirmatively proved that he furnished

labor or materials within six months of the date of the filing of the lien, finds in favor of defendants. It is ordered that the mechanics' lien be stricken from the record."

Plaintiff has filed exceptions to this decision, alleging: (1) That the entry of the judgment was against the law and the evidence; (2) that the court erred in holding that the mechanics' lien was filed too late; (3) the court erred in holding as a matter of law that too much time had elapsed between the last work done and the attempt to complete the contract, and (4) the court erred in directing that the mechanics' lien be stricken from the record. These exceptions are now before us for consideration.

We have not been furnished with a transcript of the testimony. However, the recollection of the trial judge, refreshed by his notes taken at the time of the hearing, is that plaintiff's evidence was substantially as follows:

Plaintiff, as a subcontractor, entered into three oral contracts with C. O. and W. M. Parris, contractors, for installation of materials and furnishing labor to install a furnace, alter duct work in the garage, and install copper flashing on the roof in the new house of defendant William P. Kelly. The last material was furnished by plaintiff March 25, 1949, and the last labor was done on March 31, 1949, at which time all three contracts were completed except for installing a thermostat and one register. On November 2, 1949, plaintiff sent a workman to the house to install the thermostat but he did not get in. On November 4, 1949, plaintiff himself went to the premises to install the thermostat, and was told that a thermostat had been installed by someone else. Plaintiff testified that he generally waited to install thermostats until the house was occupied because these items were sometimes stolen from incompleted homes. However, on cross-

examination he admitted that one reason for delaying this installation and completing the work was to preserve his mechanics' lien rights.

The mechanics' lien was filed on May 3, 1950. Plaintiff contends that his lien rights date from the time he returned to complete the work, although he performed no work at that time. We cannot agree with this contention. Plaintiff ceased work on the Kelly home voluntarily; there is no evidence to show that he was prevented from completing the job in March of 1949, either by defendants or by outside circumstances beyond his control. A little more than seven months elapsed from March 31st until November 2nd. During that time plaintiff made no attempt to complete the work.

We are not impressed by plaintiff's argument that he was waiting until the owners moved in, in order to guard against theft of the thermostat. This is a comparatively inexpensive item and, as pointed out by counsel for defendants, there are many other items of much higher value in a new house which are just as liable to be stolen. We believe that he failed to complete the contract in order to preserve his mechanics' lien rights, and that he waited too long. If a contractor can, of his own volition, halt work when nothing has been done to stop the job, lien rights would be extended ad infinitum, which would work an obvious injustice on the owner who would never know when his liability to a subcontractor was at an end.

We are of the opinion that judgment for defendants was proper, and that the trial judge committed no error in ordering the mechanics' lien stricken from the record.

Plaintiff's exceptions will be dismissed.

### Order of Court

And now, July 16, 1953, upon consideration of the above entitled case it is ordered that the exceptions

ex parte plaintiff to the order of court dated March 24, 1953, be and the same are hereby dismissed. It is further ordered that judgment be entered in favor of defendants.